**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BARBARA CHIZNIAK, WAYNE**
**BAILEY, RICHARD WILLIS,**
**LARRY JOHNSON, JEAN DUCHAM,**
**JEFFREY BROOM, and ROBBIE SHEETS,**
_on behalf of themselves and others_
_similarly situated,_

                              **Plaintiffs,**

            **v.**                                                    **1:17-CV-1075**
                                                                      **(FJS/ATB)**

**CERTAINTEED CORPORATION**
_d/b/a CertainTeed Saint-Gobain;_
**and SAINT-GOBAIN CORPORATION**
_d/b/a Saint-Gobain North America, d/b/a_
_Saint-Gobain,_

                              **Defendants.**

_____

**APPEARANCES**                              **OF COUNSEL**

**DREYER BOYAJIAN LLP**                      **DONALD W. BOYAJIAN, ESQ.**
75 Columbia Street                           **JAMES R. PELUSO, JR., ESQ**.
Albany, New York 12210
Attorneys for Plaintiffs

**KERRANE STORZ, P.C.**                      **MICHAEL J. LOWDER, ESQ.**
37 Interlocken Boulevard
Suite 630
Broomfield, Colorado 80021
Attorneys for Plaintiffs

**PEPPER HAMILTON LLP**                      **ANTHONY VALE, ESQ.**
3000 Two Logan Square                        **CHRISTOPHER W. WASSON, ESQ.**
18th and Arch Streets                        **LEAH GREENBERG KATZ, ESQ.**
Philadelphia, Pennsylvania 19103             **ROBERT L. HICKOK, ESQ.**
Attorneys for Defendants

**HARRIS BEACH, PLLC**　　　　　　　　**ELLIOT A. HALLAK, ESQ.**
677 Broadway
Suite 1101
Albany, New York 12207
Attorneys for Defendants

**SCULLIN, Senior Judge**


## MEMORANDUM-DECISION AND ORDER

## I.  INTRODUCTION

Plaintiffs bring this action against Defendants seeking (1) certification of a class action, (2) declaratory and injunctive relief, (3) compensatory, statutory, and punitive damages, and (4) attorneys' fees.  *See generally* Dkt. No. 1, Class Compl.  Defendants have moved to dismiss all claims in Plaintiffs' complaint for lack of personal jurisdiction and failure to state a claim pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.  *See generally* Dkt. Nos. 21 and 22.


## II. BACKGROUND

Defendant CertainTeed—a wholly owned subsidiary of Saint-Gobain Delaware Corporation, which is a wholly owned subsidiary of Defendant Saint-Gobain Corporation—manufactures and distributes building materials, including vinyl siding.  Defendant CertainTeed provides a transferable Lifetime Limited Warranty ("Limited Warranty") to property owners that CertainTeed vinyl siding is free from manufacturing defects and will maintain its structural integrity, which includes protection from peeling, flaking, blistering, corroding, and excessive fading under normal exposure and weathering conditions.  Defendant CertainTeed warrants that, if the siding products have a manufacturing defect, it will pay to repair, replace, refinish, or

coat any siding product or refund the amount paid by the original property owner for the siding products plus the cost of the labor of the original installation.

Seven Plaintiffs filed a class complaint against Defendants after the CertainTeed vinyl siding on their homes blistered and degraded. Plaintiff Chizniak is the only Plaintiff who resides in New York. The other Plaintiffs ("the Out-of-State Plaintiffs") reside in (and suffered injuries in) other states, including Maine, South Carolina, Tennessee, Michigan, New Hampshire, and Minnesota. Plaintiffs each contacted Defendant CertainTeed to make a claim under their Limited Warranties. Defendant CertainTeed denied each warranty claim because the damage was caused by heat distortion from glass reflection. Plaintiffs' Limited Warranties contain exclusionary clauses that state the warranties do not apply to "siding products which have been distorted or melted due to an external heat source (including but not limited to a barbecue grill, fire, reflection from windows, doors, or other objects)."

Plaintiffs argue that, as a result of Defendant CertainTeed's warranty denials, they have suffered and will continue to suffer damages to repair, replace, and remedy their defective CertainTeed vinyl siding. Based on these allegations, Plaintiffs' class complaint asserts the following eight causes of action:

(1) breach of express warranty;

(2) breach of implied warranties;

(3) breach of the implied covenant of good faith and fair dealing;

(4) deceptive and unfair trade practices;

(5) false advertising;

(6) unjust enrichment;

(7) equitable indemnity/restitution; and

(8) declaratory and injunctive relief.

*See generally* Dkt. No. 1.

## III. DISCUSSION

### A. Legal standards

#### 1. *Personal jurisdiction*

Courts may dismiss a complaint pursuant to Rule 12(b)(2) if a plaintiff fails to make a "prima facie showing of jurisdiction through its own affidavits and supporting materials." *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981); *see also Harris v. Ware*, No. 04-CV-1120 (JG), 2005 U.S. Dist. LEXIS 3302, *5 (E.D.N.Y. Mar. 4, 2005) (quotation omitted). "In other words, prior to discovery, a plaintiff may defeat [a motion to dismiss for lack of personal jurisdiction] 'by pleading, in good faith, see Fed. R. Civ. Proc. 11, legally sufficient allegations of jurisdiction.'" *Harris*, 2005 U.S. Dist. LEXIS 3302, at *4 (quoting *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998)). The Court must construe the pleadings and submissions in the light most favorable to the plaintiffs and must resolve all doubts in their favor. *See Southern New Eng. Tel. Co. v. Global NAPs Inc.,* 624 F.3d 123, 138 (2d Cir. 2010) (quoting *Porina*, 521 F.3d at 126).

When a defendant moves to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, district courts must perform a two-part analysis. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). First, the court "must determine whether there is [personal] jurisdiction over the defendant under the relevant forum state's laws[.] …" *Id.* Second, the court "must determine whether an exercise of [personal] jurisdiction under these laws is consistent with federal due process requirements." *Id.* (citation omitted).

## 2. *Failure to state a claim*

A motion to dismiss pursuant to Rule 12(b)(6) "challenges only the 'legal feasibility' of a complaint." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 558 (2d Cir. 2016) (quoting *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544,] 570, 127 S. Ct. 1955 [(2007)]). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations … a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] …" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). When making its decision, this court must "accept all well-pleaded facts as true and consider those facts in the light most favorable to the plaintiff." *Chapman v. N.Y. State Div. for Youth*, 546 F.3d 230, 235 (2d Cir. 2008) (citing *Patane v. Clark*, 508 F.3d 106, 111 (2d Cir. 2007) (per curiam)).

### B. Plaintiffs' claims against Defendant Saint-Gobain

Defendant Saint-Gobain argues that its status as a parent corporation is insufficient to support a claim against it for the alleged acts of its subsidiary, Defendant CertainTeed. *See* Dkt. No. 22-2 at 11. "It is fundamental that a parent is considered a legally separate entity from its subsidiary, and cannot be held liable for the subsidiary's actions based solely on its ownership of a controlling interest in the subsidiary." *N.Y. State Elec. & Gas Corp. v. FirstEnergy Corp.*, 766 F.3d 212, 224 (2d Cir. 2014) (citing *Bestfoods*, 524 U.S. at 61, 118 S. Ct. 1876; *Carte Blanche (Singapore) Pte., Ltd. v. Diners Club Intern., Inc.*, 2 F.3d 24, 26 (2d Cir. 1993)).

However, as Plaintiffs argue, a parent company may be held liable for its subsidiary's actions under the "alter ego" theory of liability. *See* Dkt. No. 31-1 at 10. The Court may hold the parent company liable under this theory if it can "pierce the corporate veil." Specifically, "[u]nder New York law, a court may pierce the corporate veil where 1) 'the owner exercised complete domination over the corporation with respect to the transaction at issue,' *and* 2) 'such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil.'" *MAG Portfolio Consult, GmbH v. Merlin Biomed Grp. LLC*, 268 F.3d 58, 63 (2d Cir. 2001) (quoting *Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997) (emphasis added)). "Determining that veil-piercing is appropriate is a 'fact specific' inquiry, and courts consider many factors, including:

> '(1) disregard of corporate formalities; (2) inadequate capitalization; (3) intermingling of funds; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the degree of discretion shown by the allegedly dominated corporation; (7) whether the dealings between the entities are at arms length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of the corporation's debts by the dominating entity, and (10) intermingling of property between the entities.'

*Id.* at 63 (quoting *Freeman v. Complex Computing Co.*, 119 F.3d 1044, 1053 (2d Cir. 1997)).

"This standard is 'very demanding' such that piercing the corporate veil 'is warranted only in extraordinary circumstances, and conclusory allegations of dominance and control will not suffice to defeat a motion to dismiss.'" *Graham v. HSBC Mortg. Corp.*, No. 18-CV-4196 (KMK), 2019 U.S. Dist. LEXIS 116231, *17 (S.D.N.Y. July 12, 2019) (quoting *Capmark Fin. Grp. v. Goldman Sachs Credit Partners L.P.*, 491 B.R. 335, 347 (S.D.N.Y. 2013) (citation and quotation mark omitted)) (other citation omitted).

Here, Plaintiffs' only allegation against Defendant Saint-Gobain is that it is a Pennsylvania corporation with corporate headquarters located in Pennsylvania and that "defendant CertainTeed Corporation is a wholly owned subsidiary of Saint-Gobain Delaware Corporation, which is in turn a wholly owned subsidiary of defendant Saint-Gobain Corporation…" *See* Dkt. No. 1 at ¶¶ 21-22. For the remainder of the complaint, Plaintiffs refer to Defendants collectively as "CertainTeed Saint-Gobain" or as "Defendants." *See generally* Dkt. No. 1. Plaintiffs do not state in the complaint that Defendant Saint-Gobain manufactures, markets, or distributes vinyl siding. *See generally id.* Plaintiffs do not even allege any of the ten factors courts must consider in determining control in the complaint; and, in their submissions, only point to (1) an overlap in officers, (2) common office space, and (3) alleged appearance of joint warranties. *See* Dkt. No. 35 at 6-7; *see also* Dkt. No. 31-1 at 13.

The Court finds that Plaintiffs have not alleged enough facts to meet the "very demanding" standard of showing Defendant Saint-Gobain's "complete dominion" over Defendant CertainTeed, let alone that that dominion was used to commit a fraud. Thus, the Court finds that Plaintiffs' few conclusory allegations are insufficient to pierce the corporate veil and

support the "alter ego" theory of liability; and, therefore, the Court grants Defendant Saint-Gobain's motion to dismiss Plaintiffs' claims against it.[1]

### C. Exercising specific personal jurisdiction over the Out-of-State Plaintiffs' claims after *Bristol-Myers Squibb*

The seven named Plaintiffs have not yet moved for class-certification. Plaintiff Chizniak is the only named plaintiff who resides in New York, and there is no dispute that the Court can exercise personal jurisdiction over Defendant CertainTeed with respect to her claims. At this stage in the litigation, the parties disagree about whether the Court can exercise specific personal jurisdiction over the Out-of-State Plaintiffs' claims against Defendant CertainTeed.[2]

A recent Supreme Court decision has caused federal courts to reconsider whether they can exercise specific personal jurisdiction over nonresident plaintiffs' claims in nationwide class actions in which those claims have no connection to the forum state. *See generally Bristol-Myers Squibb, Co. v. Sup. Ct. of Cal., San Francisco Cnty.,* 137 S. Ct. 1773 (2017). In

---

[1] Plaintiffs alternatively argue that a joint venture establishes an express and/or implied agency relationship, which would permit Plaintiffs to assert a claim against Defendant Saint-Gobain for Defendant CertainTeed's actions. *See* Dkt. No. 31-1 at 13 (citing *Itel Containers Int'l Corp. v. Atlanttrafik Exp. Serv., Ltd.*, 909 F.2d 698, 701 (2d Cir. 1990)).

The only allegation in the complaint to this effect is that, "[i]n 1967, CertainTeed and Saint-Gobain began a joint venture to manufacture siding in the United States." *See* Dkt. No. 1 at ¶ 30. Plaintiffs do not specifically allege any of the five elements set forth in *Itel* that are required to form a joint venture, nor do they support the proposition that CertainTeed and Saint-Gobain began a joint venture in 1967. *See generally id.* Therefore, the Court finds that Plaintiffs have not alleged enough facts to plausibly allege that Defendant Saint-Gobain has an agency relationship with Defendant CertainTeed based on a "joint venture."

[2] The other form of personal jurisdiction over businesses, "general personal jurisdiction," is not at issue here. Defendant CertainTeed argues in its Memorandum of Law that there is no evidence to support general personal jurisdiction; that is, it cannot be found to be "at home" in New York. *See generally* Dkt. No. 21-3 at 35-37. Plaintiffs do not contest this point.

*Bristol-Myers Squibb*, more than 600 plaintiffs (most of whom were not California residents) filed a mass tort action in a California state court against the defendant, a pharmaceutical company, for various state-law claims based on injuries allegedly caused by a drug called Plavix. *See id.* at 1777. The defendant was incorporated in Delaware and headquartered in New York, and—although it had research and laboratory facilities in California—it did not develop, create a marketing strategy, manufacture, label, package, or work on the regulatory approval of Plavix in California. *See id.* at 1777-78. The defendant sold Plavix in California, but the nonresident plaintiffs did not allege that they obtained Plavix through California physicians or from any other California source; nor did they claim that they were injured by Plavix or were treated for their injuries in California. *See id.* at 1778.

The California Supreme Court found that specific personal jurisdiction was present without identifying a link between the State and the nonresidents' claims. *See id.* at 1781. The United States Supreme Court reversed this decision, stating, "[t]he mere fact that *other* plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims. As we have explained, 'a defendant's relationship with a … third party, standing alone, is an insufficient basis for jurisdiction.'" *Id.* (quoting *Walden*, 571 U.S., at [286], 134 S. Ct., at 1123). The Supreme Court noted that what was needed, and missing, was "a connection between the forum and the specific claims at issue." *Id.*

The Supreme Court further remarked, "'specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Id.* at 1780 (quoting [*Goodyear Dunlop Tire Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)] (internal quotation marks omitted)). Such restrictions on personal jurisdiction are more

than a guarantee that a defendant won't be sued in an inconvenient or distant forum; they

preserve federalism interests and the defendant's rights under the Due Process Clause of the

Fourteenth Amendment. *See id.* at 1780-81. The Supreme Court noted, however, that it left

open whether its holding applied to federal cases under the Fifth Amendment.[3] *See id.* at 1783-

84 (citation omitted).

In the two cases from this District, groups of plaintiffs that included New York residents

and non-residents brought suits against non-resident defendants alleging violations of New

York law. *See Spratley v. FCA US LLC*, 3:17-CV-62 (MAD/DEP), 2017 U.S. Dist. LEXIS

147492, *2-*4 (N.D.N.Y. Sept. 12, 2017); *Gazzillo v. Ply Gem Indus.*, No. 1:17-CV-1077

(MAD/CFH), 2018 U.S. Dist. LEXIS 180303, *4-*5 (N.D.N.Y. Oct. 22, 2018). In both cases,

the courts dismissed the out-of-state plaintiffs' claims because their complaints did not allege

facts showing a connection between those claims and the defendants' contacts with New York.

*See Spratley*, 2017 U.S. Dist. LEXIS 147492, at *19; *Gazzillo*, 2018 U.S. Dist. LEXIS 180303,

at *19.

In this case, there are seven Plaintiffs, only one of whom is a resident of New York. *See*

Dkt. No. 1 at ¶¶ 13-19. The Out-of-State Plaintiffs do not allege that they purchased their vinyl

siding in New York or that they suffered any injury in this state. *See id.* The complaint does

---

[3] As of yet, no Circuit Court has rendered a decision on this issue. District courts across the country have taken several different approaches in interpreting the scope of the *Bristol-Myers Squibb* Court's holding. This Court has reviewed the caselaw and finds that other courts in this District have set forth the most persuasive interpretation when analyzing analogous facts. *See generally Spratley v. FCA US LLC*, 3:17-CV-62 (MAD/DEP), 2017 U.S. Dist. LEXIS 147492 (N.D.N.Y. Sept. 12, 2017); *Gazzillo v. Ply Gem Indus.*, No. 1:17-CV-1077 (MAD/CFH), 2018 U.S. Dist. LEXIS 180303 (N.D.N.Y. Oct. 22, 2018). These courts, and others, have held that *Bristol-Myers Squibb* applies to nationwide class actions in federal courts. *See, e.g., Jackson v. Bank of Am., N.A.,* No. 16-CV-787G, 2018 U.S. Dist. LEXIS 88333 (W.D.N.Y. May 25, 2018); *In re Dental Supplies Antitrust Litig.*, No. 16-CV-696 (BMC)(GRB), 2017 U.S. Dist. LEXIS 153265 (E.D.N.Y. Sept. 20, 2017). Thus, the Court adopts this approach.

not establish any connection between the Out-of-State Plaintiffs' claims and Defendant CertainTeed's contacts with New York. Like the other courts in this District, the Court interprets *Bristol-Myers Squibb* to extend to nationwide class actions and declines to exercise specific personal jurisdiction over Defendant CertainTeed with regard to the Out-of-State Plaintiffs' claims.[4]

### D. Statutes of limitations

Defendant CertainTeed argues that Plaintiff's claims for breach of express warranty, breach of implied warranties, breach of the implied covenant of good faith and fair dealing, deceptive and unfair trade practices and false advertising (in violation of General Business Law §§ 349 and 350), and unjust enrichment are all barred by the applicable statutes of limitations.[5] *See* Dkt. No. 21-3 at 15-18.

#### 1. Breach of express and implied warranties

New York has adopted the Uniform Commercial Code ("UCC"), which indicates that an action for breach of contract must be commenced within four years after the cause of action

---

[4] The Out-of-State Plaintiffs additionally argue that the Court should exercise pendent personal jurisdiction over their claims against Defendant CertainTeed. *See* Dkt. No. 29 at 33-35. The Court finds that exercising pendent personal jurisdiction over the Out-of-State Plaintiffs' claims, when it only has specific personal jurisdiction over Plaintiff Chizniak's claims, would counteract the Due Process Clause requirement that personal jurisdiction comports with traditional notions of fair play and substantial justice. *See DeMaria v. Nissan N. Am., Inc.*, No. 15-C-3321, 2016 U.S. Dist. LEXIS 11295, *25-*26 (N.D. Ill. Feb. 1, 2016). Furthermore, exercising pendent personal jurisdiction is discretionary; and, even if the Court had the authority to exercise such jurisdiction over the Out-of-State Plaintiffs' claims, the Court would decline to do so. *See Spratley*, 2017 U.S. Dist. LEXIS 147492, at *22.

[5] There is no dispute that the statute of limitations would not bar Plaintiff Chizniak's alleged breach of express warranty claim with respect to Defendant CertainTeed's denial of her 2016 warranty claim. *See* Dkt. No. 21-3 at 15 n.8; Dkt. No. 29 at 2. The Court addresses that claim below.

accrued.  *See* N.Y. UCC § 2-725(1).  New York's UCC also states, "[a] breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." N.Y. UCC § 2-725(2).

"'A warranty of future performance is one that guarantees that the product will work for a specified period of time' … However, '[w]arranties to repair or replace [a] product in the event that it fails to perform, without any promise of performance, do not constitute warranties of future performance[.]'" *Schwatka v. Super Millwork, Inc.*, 106 A.D.3d 897, 899 (2d Dep't 2013) (quoting *St. Patrick's Home for Aged & Infirm v. Laticrete Intl.*, 264 A.D.2d at 657) (internal and other citations omitted).[6]

The express language of Plaintiff Chizniak's Limited Warranty from Defendant CertainTeed states as follows:

> CertainTeed warrants to the original homeowner/consumer that its vinyl siding … will be free from manufacturing defects – including peeling, flaking, blistering, and corroding – when subject to normal and proper use. Should any such defect occur during the lifetime of the original purchaser (and as long as the original purchaser is still living and retains ownership of the property), *CertainTeed will pay to repair, replace or coat, at its option, any defective vinyl siding.*

*See* Dkt. No. 1 Ex. A., Pl. Chizniak's Limited Warranty, at 43 (emphasis added).

---

[6] *See also Brainard v. Freightliner Corp.*, No. 02-CV-0317E(F), 2002 U.S. Dist. LEXIS 18617, *15 n.12 (W.D.N.Y. Oct. 1, 2002) (noting "[t]he distinction between 'repair or replace' warranties and warranties extending to future performance is well recognized … *Niagara Mohawk Power Corp. v. Ferranti-Packard Transformers, Inc.*, 157 Misc. 2d 606, 597 N.Y.S.2d 884, 887 (Sup. Ct. 1993) ("a repair and replacement warranty is a promise to repair and replace during the warranty period only. It is not a warranty that the goods will never fail. It does not extend the basic four year warranty or any shorter time agreed to by the parties.") . . . ."

This language clearly sets forth a "repair or replace" warranty, which New York courts have held is not a warranty of future performance. Thus, Plaintiff Chizniak would have had to have brought her claim within four years of the delivery of her vinyl siding, as NY UCC § 2-725 requires. Plaintiff Chizniak's Limited Warranty was dated January 1, 2008, *see* Dkt. No. 1 at ¶ 53; and the parties have inferred that the vinyl siding was put on her house when it was constructed in 2008. *See* Dkt. No. 21-3 at 12. Plaintiff Chizniak did not file this action until September 26, 2017, at least eight years after the vinyl siding was "delivered." *See generally* Dkt. No. 1. Since Plaintiff Chizniak did not file this claim within four-years, the Court finds that the statute of limitations bars her claim for breach of an express warranty.

Plaintiff Chizniak also argues that her claim for breach of *implied* warranties is subject to the "future performance exception." *See* Dkt. No. 29 at 4. To the contrary, courts have held, "[w]hile there is an exception for those claims that allege a breach of an express warranty for future performance, that exception does not apply to breaches of [an] implied warranty…" *Viania v. Zimmer, Inc.*, No. 2:17-CV-1641, 2017 U.S. Dist. LEXIS 195183, *9 (E.D.N.Y. Nov. 27, 2017) (citations omitted); *see also Port Auth. of N.Y. & N.J. v. Allied Corp.*, 914 F. Supp. 960, 962 (S.D.N.Y. 1995) (holding "[l]ogically, implied warranties cannot explicitly extend to future performance" (citation omitted)). Based on this caselaw, the Court finds that Plaintiff Chizniak's claim for breach of implied warranties is also time-barred.

### 2. *Plaintiff Chizniak's remaining claims*

First, regarding Plaintiff Chizniak's cause of action based on the implied covenant of good faith and fair dealing, courts have held that such causes of action are essentially breach of contract claims, and they are subject to a four-year statute of limitations. *See Four Seasons*

*Solar Prods. Corp. v. Southwall Techs., Inc.*, 100 F. App'x 12, 13 (2d Cir. 2004) (Summary Order).

Furthermore, the New York Court of Appeals has held that a three-year period of limitations applies to violations of General Business Law ("GBL") §§ 349 and 350. *See Gaidon v. Guardian Life Ins. Co. of Am.*, 96 N.Y.2d 201, 208 (2001); *see also Goshen v. Mutual Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324 n.1 (2002).[7] According to the Court of Appeals, "accrual of a [GBL § 349] private right of action first occurs when plaintiff has been injured by a deceptive act or practice violating section 349." *Gaidon*, 96 N.Y.2d at 210 (citing *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 55 [1999]). This does *not* mean that a plaintiff is injured when she learns, or reasonably should have learned, that she has been deceived. *See Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 789-90 (2012) (citing [*Gaidon*,] 96 N.Y.2d at 210). Instead, courts have held that a plaintiff's injury occurs when she receives delivery of a defective product. *See generally Bristol Vill. Inc. v. Louisiana-Pac. Corp.*, 170 F. Supp. 3d 488, 498-99 (W.D.N.Y. 2016) (citing *Plotkin Family Amagansett Trust v. Amagansett Bldg. Materials, Inc.*, No. 102296/10, 2012 N.Y. Misc. LEXIS 3496 (N.Y. Sup. Ct. July 20, 2012); *Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451 (S.D.N.Y. 2014)).

Finally, with respect to Plaintiff Chizniak's cause of action for unjust enrichment, Defendant CertainTeed argues that there is some uncertainty as to whether the limitation period is four years or six years. *See* Dkt. No. 21-3 at 18. The Court does need to determine whether the four-year or six-year statute of limitations applies to Plaintiff Chizniak's unjust enrichment

---

[7] *Gaidon* sets out the specific three-year period of limitation for GBL § 349 claims established in N.Y. C.P.L.R. § 214(2). *Goshen*, however, does not discuss statutes of limitations, but it acknowledges that GBL §§ 349 and 350 have identical standards for recovery, the only difference between the two being that Section 350 is specific to false advertising.

claim because there was at least an eight-year gap between the delivery and installation of the vinyl siding and Plaintiff's initiating this lawsuit.

Therefore, the Court finds that all of these claims are barred by their respective statutes of limitation because her vinyl siding was allegedly defective when it was delivered and installed on her home in 2008, and she did not file this lawsuit until 2017.

### 3.  *Equitable tolling*

Plaintiff Chizniak argues that, even if her claims are time-barred, the doctrine of equitable tolling allows the Court to extend the statutes of limitation on a case-by-case basis to prevent inequity.  *See* Dkt. No. 29 at 8.  "Under New York law, the doctrines of equitable tolling or equitable estoppel 'may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.'"  *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (quoting *Doe v. Holy See (State of Vatican City)*, 17 A.D.3d 793, 794, 793 N.Y.S.2d 565 (N.Y. App. Div. 2005) (internal quotations omitted)); (citing *Kotlyarsky v. New York Post*, 195 Misc. 2d 150, 757 N.Y.S.2d 703, 706 (N.Y. Sup. Ct. 2003)).

"In addition, a plaintiff must establish that it was the defendants' subsequent actions – 'separate from the ones for which they sue – that kept it from bringing suit, . . . and that its reliance on the subsequent misrepresentations was "reasonable."'"  *Equinox Gallery Ltd. v. Dorfman*, 306 F. Supp. 3d 560, 575 (S.D.N.Y. 2018) (quoting *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 944 N.Y.S.2d 732, 967 N.E.2d 1177, 1184 (N.Y. 2012) (citations omitted); *Zumpano v. Quinn*, 6 N.Y.3d 666, 816 N.Y.S.2d 703, 849 N.E.2d 926, 929 (2006)).

Plaintiff Chizniak did not allege in her complaint any "subsequent action" on which she reasonably relied beyond the underlying alleged misrepresentations that are grounds for her

claims.  Instead, Plaintiff Chizniak merely asserts that Defendant CertainTeed misrepresented the character and quality of the vinyl siding.  *See* Dkt. No. 1 at ¶¶ 115-116.  As Defendant CertainTeed points out, a subsequent fraudulent action is required before equitable estoppel or tolling applies "because otherwise, the mere assertion of an underlying fraudulent act would always trigger equitable estoppel and render the discovery accrual rule for fraud actions superfluous." *Kaufman v. Cohen*, 307 A.D.2d 113, 122 (1st Dep't 2003).

Therefore, because Plaintiff Chizniak does not allege that Defendant CertainTeed engaged in subsequent fraudulent acts beyond the underlying claim that it misrepresented the vinyl siding, the Court finds that the doctrine of equitable tolling does not apply to the untimely causes of action.

### E.  Defendant CertainTeed's exclusionary clause

As noted, the parties agree that, insofar as Plaintiff Chizniak's breach of warranty claim stems from Defendant CertainTeed's denial of her 2016 Limited Warranty claim, it is not time-barred.  Generally, Plaintiff Chizniak argues that Defendant CertainTeed did not repair or replace the defective vinyl siding after she submitted a claim to them.  *See generally* Dkt. No. 1 at ¶¶ 135-137.  Defendant CertainTeed responds that it did not have to repair or replace Plaintiff Chizniak's vinyl siding because the defect was caused by glass reflection, which, in turn, caused heat distortion to the siding.  *See* Dkt. No. 21-3 at 20-23.  Defendant CertainTeed points to an exclusionary clause in its Limited Warranty that states, "This warranty does not apply to … vinyl siding which has been distorted or melted due to an external heat source (including but not limited to … reflection from windows, doors, or other objects)." *See* Dkt. No. 1, Ex. A.  In response, Plaintiff Chizniak argues that that exclusionary clause is unconscionable.  *See* Dkt. No. 29 at 9-15.  Therefore, the Court must determine whether Plaintiff Chizniak has alleged

facts sufficient to state a claim that the exclusionary clause in Defendant CertainTeed's Limited Warranty was unconscionable.

"An unconscionable contract has been defined as one which 'is so grossly unreasonable or unconscionable in the light of the mores and business practices of the time and place as to be unenforcible [sic] according to its literal terms. (See 1 Corbin on Contracts, § 128, p. 400.)'" *Gillman v. Chase Manhattan Bank, N.A.*, 73 N.Y.2d 1, 10 (1988) (quoting *Mandel v. Liebman*, 303 N.Y. 88, 94 [1951]). "A determination of unconscionability generally requires a showing that the contract was both procedurally and substantively unconscionable when made – i.e., 'some showing of an "absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." … '" *Id.* (quoting *Matter of State of New York v. Avco Fin. Serv.*, [50 N.Y.2d 383,] 389 [1980]); (citing *Jones v. Star Credit Corp.*, 59 Misc. 2d 189, 192 [N.Y. Sup. Ct. 1969]) (internal citation omitted).

"The procedural element of unconscionability requires an examination of the contract formation process and the alleged lack of meaningful choice. The focus is on such matters as the size and commercial setting of the transaction … whether deceptive or high-pressured tactics were employed, the use of fine print in the contract, the experience and education of the party claiming unconscionability, and whether there was disparity in bargaining power …" *Id.* at 10-11 (internal citations omitted).

Plaintiff Chizniak argued in her submissions and alleged in her complaint that Defendant CertainTeed was in a better position than she was to dictate the terms of the agreement. According to Plaintiff Chizniak, Defendant CertainTeed was commercially sophisticated, offering the warranties on a "take it or leave it" basis, while it had knowledge about the latent defects in its vinyl siding that caused the siding to deform under normal

environmental and exposure conditions.  *See* Dkt. No. 1 at ¶ 138(a)-(c).  Plaintiff Chizniak

further alleged that Defendant CertainTeed's warranties and limitations were complex and

convoluted, and that she was surprised to learn, upon submission of her warranty claim, that the

warranty did not cover the type of product failure she experienced.  *See id.* at ¶ 138(d)-(e).

Plaintiff Chizniak also argues that she lacked a meaningful choice because Defendant

CertainTeed, as one of the largest members of the vinyl siding industry, provided consumers

with little knowledge or choice about the products they purchased or about the shortcomings of

the products and warranties offered.  *See id.* at ¶ 138(f).  Based on these allegations, the Court

finds that Plaintiff Chizniak has plausibly stated a claim that the exclusionary clause in the

Limited Warranty is procedurally unconscionable.

   The substantive element of unconscionability is satisfied if the contract is unreasonably

favorable to the party against whom unconscionability is alleged.  *See generally Gillman*, 73

N.Y.2d at 12.  Here, the Limited Warranty promises to repair or replace the vinyl siding if it

becomes defective when subject to normal and proper use, but then excludes from the Limited

Warranty defects in vinyl siding that were caused by exposure to an external heat source, such

as "reflection from windows, doors, or other objects."  *See generally* Dkt. No. 1, Ex. A. Vinyl

siding is placed on buildings with windows and doors, and those buildings are often close to

other buildings with windows and doors that could reflect light.  Plaintiff argues that these are

"normal environmental and exposure conditions," which one would expect he Limited

Warranty to cover.  *See* Dkt. No. 1 at ¶ 138.  The Court finds that these allegations are sufficient

to state a plausible claim that the exclusionary clause is substantively unconscionable.

   In addition, since the parties have not fleshed out the facts of this case in discovery, the

Court cannot determine, as a matter of law, whether the exclusionary clause included in

Plaintiff Chizniak's Limited Warranty was unconscionable.[8]  Thus, the Court denies Defendant

CertainTeed's motion to dismiss with respect to this issue so that the parties may conduct

discovery and, if necessary, file motions for summary judgment.

## IV. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the

applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant Saint-Gobain's motion to dismiss Plaintiff's complaint

against it, *see* Dkt. No. 22, is **GRANTED**; and the Court further

**ORDERS** that Defendant CertainTeed's motion to dismiss Plaintiff's complaint against

it, *see* Dkt. No. 21, is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that Plaintiffs Bailey's, Willis's, Johnson's, Ducham's, Broom's, and

Sheets's claims are **DISMISSED** for lack of personal jurisdiction; and the Court further

**ORDERS** that Plaintiff's First Cause of Action for breach of express warranty is

**DISMISSED** as time-barred, except for that part of Plaintiff's claim that stems from Defendant

CertainTeed's denial of her 2016 warranty claim; and the Court further

**ORDERS** that Defendant CertainTeed's motion to dismiss Plaintiff Chizniak's First

Cause of Action for breach of express warranty insofar as that claim stems from Defendant

CertainTeed's denial of her 2016 warranty claim is **DENIED**; and the Court further

---

[8] In the context of a motion to dismiss, the Court of Appeals has concluded that – if the facts and circumstances surrounding the contract have not been sufficiently developed so as to determine whether the agreement was unconscionable at the time it was made – then dismissal of the claim is not warranted.  *See generally Lawrence v. Miller*, 11 N.Y.3d 588, 593, 595-97 (2008) (affirming denial of motion to dismiss in a legal malpractice case because the parties had not presented evidence to show whether the retainer agreement was unconscionable).

**ORDERS** that Plaintiff's Second, Third, Fourth, Fifth, and Sixth Causes of Action, based on alleged violations of state law, are **DISMISSED** as time-barred; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Baxter for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: January 30, 2020
          Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge